Peter L. Carr, IV (SBN 256104)
pcarr@thePLClawgroup.com
Na'Shaun L. Neal, (SBN 284280)
nneal@thePLClawgroup.com
Lauren K. McRae, (SBN 331296)
lmcrae@thePLClawgroup.com
**PLC LAW GROUP, APC**
3756 Santa Rosalia Dr., Suite 326
Los Angeles, CA 90008
Telephone: (310) 400-5890
Facsimile: (310) 400-5895
Attorneys for Plaintiffs,
Kyle Jones & Crystal Jones

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE JONES and CRYSTAL JONES, <br><br> Plaintiffs, <br><br> vs. <br><br> OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL, and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. This case concerns City of Ontario Police Department Officers' abuse of power and mistreatment of Plaintiffs. Plaintiffs KYLE JONES and CRYSTAL JONES complain of Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL, and DOES 1 through 10, inclusive, as follows:

## VENUE AND JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1334, and arises under 42 U.S.C. §§ 1983 and 1988. State law claims for relief are within this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court because the unlawful acts and practices alleged herein occurred in the County of San Bernardino, California, which is within this judicial district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. At all times in this Complaint, Plaintiff KYLE JONES (hereinafter "Mr. Jones"), was a resident of the State of California in the County of San Bernardino.

4. Plaintiff CRYSTAL JONES (hereinafter "Ms. Jones"), was a resident of the State of California in the County of San Bernardino.

5. Defendant OFFICER JONAH HELLMOLD is, and at all times in this complaint was, an individual employed by CITY OF ONTARIO (hereinafter "CITY") and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, CITY.

6. Defendant OFFICER SERGIO GUERRERO is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, CITY.

7. Defendant DETECTIVE GARY NARANJO is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, CITY.

8. Defendant CORPORAL EMILY HALL is, and at all times in this complaint was, an individual employed by CITY and/or its subsidiaries as a

police officer, acting within the course and scope of his employment and also within his actual and apparent authority as an officer of a public entity, CITY.

9. At all relevant times mentioned herein and material hereto, the Defendant DOE officers described below engaged in law enforcement as police officers, sergeants, captains, lieutenants, and/or civilian employees, agents, and representatives of Defendant CITY, duly employed as police officers by the Ontario Police Department, who acted within the course and scope of their employment at all times relevant to the acts and omissions alleged herein.

10. PLAINTIFFS are informed and believe and thereon allege that each of the Defendants designated as a DOE are intentionally and negligently responsible in some manner for the events and happenings referred to herein, and thereby proximately caused injuries and damages as alleged herein. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to PLAINTIFFS who, therefore, sue said Defendants by such fictitious names. PLAINTIFFS will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Defendants, and each of them, acted under color of law and did the acts and omissions alleged hereinafter in bad faith and with knowledge that their conduct violated established and commonly understood substantive and procedural law.

**FACTS COMMON TO ALL COUNTS**

12. Mr. Jones is African-American, and Ms. Jones is Hispanic.

13. On December 28, 2022, Ms. Jones drove to the 7/11 gas station located at 1544 E. 4th St., Ontario, CA 91764. Mr. Jones was a passenger.

14. After parking, Mr. Jones and Ms. Jones exited the vehicle,

15. Officer Hellmold aggressively approached Plaintiffs and shouted commands at Mr. Jones, ordering him to get back inside the vehicle.

16. Officer Hellmold walked towards Mr. Jones and forcefully gripped Mr.

Jones' shoulders and neck.

17. Ms. Jones began recording the incident on her cell phone.

18. Mr. Jones informed Officer Hellmold that he was a disabled military veteran.

19. Officer Hellmold wrapped his arm around Mr. Jones' neck and forcefully yanked Mr. Jones' neck and body down towards the ground.

20. Soon thereafter, Officer Guerrero arrived and joined Officer Hellmold in pushing and pulling Mr. Jones down towards the ground.

21. Mr. Jones told the officers that he would willingly go to the ground on his own.

22. Officer Guerrero drew his taser and immediately tased Mr. Jones in his thigh.

23. As a result of the tasing, Mr. Jones fell to the ground.

24. Officer Hellmold handcuffed Mr. Jones and Officer Guerrero kneeled on Mr. Jones' upper back and neck area.

25. Officer Hellmold approached Ms. Jones, instructed her to put her hands behind her back, and placed extremely tight handcuffs on Ms. Jones. Ms. Jones requested the officers to loosen the handcuffs, but the handcuffs were never adequately loosened.

26. Officer Hellmold confiscated Ms. Jones' Identification Card, which was never returned to her.

27. Additional officers arrived to the scene.

28. Officer Hellmold, Officer Guerrero, and Doe Officers (collectively referred to as "Defendant Officers") used rude, inappropriate, and unprofessional language with Mr. Jones, including telling him to "shut the fuck up."

29. Defendant Officers ransacked and towed Ms. Jones' vehicle.

30. Defendant Officers transported Mr. and Ms. Jones to jail, where they remained imprisoned for weeks on false criminal charges.

31. On information and belief, Defendants Detective Gary Naranjo, Corporal Emily Hall, and Does (collectively referred to as "Supervisory Defendants") approved Officers Hellmold and Guerrero's unlawful search, seizure and of use of force described herein.

32. On information and belief, the Supervisory Defendants showed a callous disregard for Plaintiffs' rights and failed to intervene to prevent Plaintiffs' false imprisonment.

33. Defendant Officers maliciously initiated baseless criminal charges against Mr. and Ms. Jones in an effort to conceal their misconduct and escape civil liability. On information and belief, Defendant Officers made false statements in their police reports.

34. The criminal charges against Mr. and Ms. Jones were eventually dismissed.

35. As a direct and proximate result of the subject incident, Mr. and Ms. Jones suffered and continue to suffer extreme emotional distress and severe mental anguish. Additionally, Ms. Jones suffered physical pain and sustained wrist abrasions from the excessively tight handcuffs. Mr. Jones also suffered physical pain and bodily wounds as a result of the tasing. Mr. Jones also suffered lost wages and Ms. Jones incurred costs to retrieve her vehicle due to the incident.

## FIRST CAUSE OF ACTION
### Excessive Force – 42 U.S.C. § 1983
**(Against Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL and DOES 1 through 10, inclusive)**

36. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

37. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seeks to redress deprivation under color of law a privilege or

immunity secured under the Fourth Amendment.

38. As a result of the above-described intentional acts and omissions of the Defendants, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from excessive force, as applied to state actors by the Fourteenth Amendment, was violated when:

   a. OFFICER HELLMOLD forcefully gripped Mr. Jones' shoulders and neck;
   b. OFFICER HELLMOLD wrapped his arm around Mr. Jones' neck and forcefully yanked Mr. Jones' neck and body down towards the ground;
   c. OFFICERS HELLMOLD and GUERRERO forcibly pushed and pulled Mr. Jones down towards the ground;
   d. OFFICER GUERRERO drew his taser and tased Mr. Jones;
   e. OFFICER GUERRERO kneeled on Mr. Jones' upper back and neck area; and
   f. OFFICER HELLMOLD placed extremely tight handcuffs on Ms. Jones, which were never adequately loosened upon request.

39. Defendant Officers lacked probable cause or reasonable suspicion to believe Plaintiffs had committed a crime or were going to commit a crime. Additionally, at no point during any of the aforesaid incidents, did Plaintiffs pose a reasonable threat of violence or danger to the Officers or to any other individual. Plaintiffs made no aggressive movements, furtive actions, or physical movements that would have suggested to any reasonable officers that Plaintiffs had the will or ability to inflict substantial bodily harm against any individual.

40. Defendant Officers are liable for Plaintiffs' injuries, either because they were integral participants in the excessive force against Plaintiffs, or because they failed to prevent or intercede during these violations.

41. On information and belief, the Supervisory Defendants are liable for

Plaintiffs' injuries because they approved their subordinates' misconduct and/or showed a callous disregard for Plaintiffs' rights.

42. As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiffs sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, as well as harm to their reputation in the community.

43. In doing the foregoing wrongful acts, Defendant s each acted in reckless and callous disregard for Plaintiffs' constitutional rights. Each wrongful act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

44. Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

### Unreasonable Search and Seizure – 42 U.S.C. § 1983

**(Against Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL and DOES 1 through 10, inclusive)**

45. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

46. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the Fourth Amendment.

47. As a result of the above-described intentional acts and omissions of the Defendants, collectively and individually, Plaintiffs' Fourth Amendment constitutional right to be free from unreasonable searches and seizures, as applied

to state actors by the Fourteenth Amendment, was violated when:

    a. Defendant Officers detained Plaintiffs without reasonable suspicion;

    b. Defendant Officers searched and arrested Plaintiffs without a warrant or probable cause;

    c. Defendant Officers searched and seized Ms. Jones' car without any legal justification; and

    d. Defendants caused Plaintiffs to be falsely imprisoned.

48. As a result of Defendants' conduct, Plaintiffs endured loss of liberty, pain and suffering, extreme mental and emotional distress, physical injuries, and other pecuniary losses in an amount not yet ascertained.

49. Each of the Defendants were both personally involved and an integral participant in the violation of Plaintiffs' constitutional rights, because each Defendant was aware of unlawful actions of the other officer(s), did not object to these violations of Plaintiffs' rights, and participated in the violations by performing police functions.

50. On information and belief, the Supervisory Defendants are liable for Plaintiffs' injuries because they approved their subordinates' misconduct and/or showed a callous disregard for Plaintiffs' rights.

51. As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiffs sustained and incurred damages for physical injury and pain, emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, as well as harm to their reputation in the community.

52. In doing the foregoing wrongful acts, Defendant s each acted in reckless and callous disregard for Plaintiffs' constitutional rights. Each wrongful act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

53. Accordingly, Defendants are each liable to Plaintiffs for compensatory and punitive damages, under 42 U.S.C. § 1983. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

## THIRD CAUSE OF ACTION

### Deliberate Fabrication of Evidence – 42 U.S.C. § 1983

**(Against Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL, and DOES 1 through 10, inclusive)**

54. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

55. Defendants, while acting under color of law, deprived Plaintiffs of their civil rights, more particularly their right to be free from deliberate fabrication of evidence.

56. On information and belief, Defendant Officers deliberately fabricated evidence that was used to criminally charge and prosecute Plaintiffs, including submitting false police reports in an effort to conceal their misconduct. The criminal charges against Plaintiffs were eventually dismissed.

57. On information and belief, the Supervisory Defendants are liable for Plaintiffs' injuries because they approved their subordinates' misconduct and/or showed a callous disregard for Plaintiffs' rights.

58. Plaintiffs bring this action under federal law. The constitutional source against deliberate fabrication is primarily the due process clause of the Fourteenth Amendment, and Plaintiffs' due process rights were violated by the conduct alleged herein. Plaintiffs bring this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiffs' right to be free from deliberate fabrication is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right

1 to a fair trial), this claim is brought on those bases as well.

59. As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiffs sustained and incurred damages for emotional injury and pain, mental anguish and suffering, humiliation, embarrassment, as well as harm to their reputation in the community.

60. In doing the foregoing wrongful acts, Defendant s each acted in reckless and callous disregard for Plaintiffs' constitutional rights. Each wrongful act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

61. Plaintiffs bring this claim individually and seek general and special damages in an amount to be determined at trial. Plaintiffs also seek reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION

### Malicious Prosecution – 42 U.S.C. § 1983

**(Against Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL, and DOES 1 through 10, inclusive)**

62. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

63. Defendants, while acting under color of law, deprived Plaintiffs of their civil rights, more particularly their right to be free from malicious prosecution.

64. Defendants, contributed to, caused, and/or initiated a criminal prosecution against Plaintiffs with malice and/or with the purpose of depriving them of their constitutional rights.

65. Defendants contributed to, caused, and/or initiated that criminal prosecution without reasonable suspicion or probable cause.

66. On information and belief, Defendant Officers made false statements in their reports to cover up Defendant Officers' unlawful stop and excessive force.

67. On information and belief, the Supervisory Defendants are liable for Plaintiffs' injuries because they approved their subordinates' misconduct and/or showed a callous disregard for Plaintiffs' rights.

68. Plaintiffs were criminally charged based upon Defendant Officers' false representations regarding the subject incident. The charges against Plaintiffs were eventually dismissed.

69. Plaintiffs bring this action under federal law. The constitutional source against malicious prosecution is primarily the due process clause of the Fourteenth Amendment, and Plaintiffs' due process rights were violated by the conduct alleged herein. Plaintiffs bring this claim as both a procedural and substantive due process violation. To the extent that any court were to conclude that the source of Plaintiffs' right to be free from malicious prosecution is any constitutional source other than due process (such as the Fourth Amendment or Sixth Amendment right to a fair trial), this claim is brought on those bases as well.

70. As a result of Defendants' malicious prosecution of Plaintiffs, Mr. and Ms. Jones suffered loss of liberty and harm to their reputation. Plaintiffs have also suffered and continue to suffer severe emotional trauma and extreme mental distress as a result of Defendants' malicious prosecution.

71. The conduct of Defendants was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Plaintiffs, and therefore warrants the imposition of exemplary and punitive damages against her.

72. Plaintiffs bring this claim individually and seeks general and special damages in an amount to be determined at trial. Plaintiffs also seek reasonable costs and attorneys' fees under 42 U.S.C. § 1988.

///

# FIFTH CAUSE OF ACTION

## First Amendment Retaliation – 42 U.S.C. § 1983

### (Against Defendants OFFICER JONAH HELLMOLD, OFFICER SERGIO GUERRERO, DETECTIVE GARY NARANJO, CORPORAL EMILY HALL, and DOES 1 through 10, inclusive)

73. Plaintiffs incorporate by reference each and every allegation and fact contained in the preceding paragraphs of this complaint as though fully set forth herein.

74. This cause of action arises under Title 42 United States Code § 1983, wherein Plaintiffs seek to redress deprivation under color of law a privilege or immunity secured under the First Amendment.

75. All of the acts of Defendants were done under color of state law.

76. The acts of Defendant Officers deprived Plaintiffs of their rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to rights under the First Amendment of the United States Constitution, incorporated and made applicable to the states by the Fourteenth Amendment, by, among other things, retaliating against Plaintiffs for exercising their First Amendment rights.

77. Mr. Jones engaged in constitutionally protected activity when protesting Defendant Officers' unlawful commands and conduct. Mr. Jones' protected activity was a substantial and motivating factor in Defendant Officers' decision to retaliate by, among other things, using extreme and unnecessary force against Mr. Jones, arresting/imprisoning Mr. Jones without probable cause and initiating/contributing to/causing the malicious prosecution of Mr. Jones.

78. Ms. Jones engaged in constitutionally protected activity when protesting and videorecording Officer Hellmold and Guerrero's use of brute force against Mr. Jones. Ms. Jones' protected activity was a substantial and motivating factor in Defendants' decision to retaliate by, among other things, arresting/imprisoning

Ms. Jones without probable cause and initiating/contributing to/causing the malicious prosecution of Ms. Jones.

79. All of these actions were performed with the intention of chilling Plaintiffs' desire to engage in protected First Amendment activities, including protesting and recording unlawful police activity.

80. As a direct and proximate result of the aforementioned unlawful acts of Defendants, Plaintiffs sustained and incurred damages for mental anguish and emotional distress.

81. Each of the Defendants were integral participants in the violation of Plaintiffs' constitutional rights, because they were personally involved or failed to intervene despite having an opportunity to do so.

82. On information and belief, the Supervisory Defendants are liable for Plaintiffs' injuries because they approved their subordinates' misconduct and/or showed a callous disregard for Plaintiffs' rights.

83. In doing the foregoing wrongful acts, Defendants each acted with reckless and callous disregard for Plaintiffs' constitutional rights. Each retaliatory act was willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual Defendant in an amount adequate to punish the wrongdoers and deter future similar misconduct.

84. Plaintiffs also seek attorney fees under this claim pursuant to 42 U.S.C. § 1988.

///

///

///

# PRAYER

WHEREFORE, PLAINTIFFS request entry of judgment in their favor and against Defendants as follows:

1. For compensatory (or general) damages, including pain and suffering, in an amount exceeding the minimum jurisdictional requirement of this Court according to proof;
2. For special damages according to proof;
3. For punitive damages as provided by federal and state law, in an amount to be proved against each individual Defendant;
4. For prejudgment interest;
5. For attorney's fees pursuant to 42 U.S.C. § 1988;
6. For reasonable costs of this suit incurred herein;
7. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: December 27, 2024

**PLC LAW GROUP, APC**

/s/Lauren K. McRae
Peter L. Carr, IV
Na'Shaun L. Neal
Lauren K. McRae
Attorneys for Plaintiffs, Kyle Jones and Crystal Jones

# DEMAND FOR JURY TRIAL

PLAINTIFFS hereby respectfully demand a trial by jury on all issues and claims.

Dated: December 27, 2024                           **PLC LAW GROUP, APC**

　　　　　　　　　　　　　　　　　　　　*/s/Lauren K. McRae*
　　　　　　　　　　　　　　　　　　　　Peter L. Carr, IV
　　　　　　　　　　　　　　　　　　　　Na'Shaun L. Neal
　　　　　　　　　　　　　　　　　　　　Lauren K. McRae
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs, Kyle Jones and Crystal Jones